29 F.3d 638
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
J.R. WILKERSON, Plaintiff-Appellant,
v.
T. PEETZ, Chief Deputy Warden, et al., Defendants-Appellees.
 No. 93-16665.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 26, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 J.R. Wilkerson, a California state prisoner, appeals pro se the district court's denial of his motion for a temporary restraining order ("TRO") in his 42 U.S.C. Sec. 1983 action against prison officials. We dismiss this appeal for lack of jurisdiction.
 
 
 3
 Wilkerson sought a TRO to compel defendants to (1) remove certain records from his prison files, (2) release him from administrative segregation, (3) provide him with an electronic typewriter, and (4) stop retaliating against him for filing his legal action. The district court denied the request, finding that it did not relate to the claims or the defendants in Wilkerson's underlying 1983 action. Wilkerson appealed the district court's denial of his request for a TRO and subsequently filed an amended complaint which included new causes of action and additional defendants. The district court docket at present time indicates that the district court has ordered the United States Marshal to serve the defendants named in Wilkerson's amended complaint.
 
 
 4
 Ordinarily, an appeal does not lie from the denial of an application for a TRO; such appeals are considered premature and are disallowed "[i]n the interests of avoiding uneconomical piecemeal appellate review." Religious Tech. Ctr., Church of Scientology Int'l Inc. v. Scott, 869 F.2d 1306, 1308 (9th Cir.1989) (quotation omitted). In addition, the denial of a TRO is not generally appealable unless it effectively decides the merits of the case. Graham v. Teledyne-Continental Motors, 805 F.2d 1386, 1388 (9th Cir.1986), cert. denied, 484 U.S. 815 (1987).
 
 
 5
 A denial of a TRO may be appealed, however, if the circumstances render the denial "tantamount to the denial of a preliminary injunction." Religious Tech. Ctr., 869 F.2d at 1308 (quoting Environmental Defense Fund, Inc. v. Andrus, 625 F.2d 861, 862 (9th Cir.1980)). The denial of a TRO is tantamount to the denial of a preliminary injunction if (1) the denial of the TRO followed a "full adversary hearing," and (2) "in the absence of review, the appellants would be effectively foreclosed from pursuing further interlocutory relief." Andrus 625 F.2d at 862.
 
 
 6
 Here, the denial of Wilkerson's motion for a TRO did not follow a full adversary hearing. Moreover, the district court's order does not indicate that Wilkerson is foreclosed from pursuing further interlocutory relief. Finally, the district court's denial of the TRO did not effectively decide the merits of Wilkerson's action. See Graham, 805 F.2d at 1388. The merits of his action are proceeding before the district court. Accordingly, because the denial of Wilkerson's request for a TRO was not tantamount to the denial of a preliminary injunction, we lack jurisdiction over this appeal. See Religious Tech. Ctr., 869 F.2d at 1308.
 
 
 7
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3